IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | NO. 2:25-CR-094-Z |
| MATTHEW ALBERT TATE | |

## FACTUAL RESUME

In support of Matthew Albert Tate's plea of guilty to the offense in Count Two of the Indictment, Tate, the defendant, C.J. McElroy, the defendant's attorney, and the United States of America (the government) stipulate and agree to the following:

## ELEMENTS OF THE OFFENSE

To prove the offense alleged in Count Two of the Indictment, charging a violation of 18 U.S.C. §§ 2252A(a)(1) and (b), that is, Transportation of Child Pornography, the government must prove each of the following elements beyond a reasonable doubt:[1]

*First.*   That the defendant knowingly transported by any means or facility of or in or affecting interstate or foreign commerce, including by computer, an item or items of child pornography, as alleged in the indictment; and

*Second.*   That when the defendant transported the item or items, the defendant knew the item or items were child pornography.

The term "computer" means an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communication facility directly related to or operating in conjunction with such device, but such term does not include an automated typewriter or typesetter, a portable hand held calculator, or other similar

---

[1] Fifth Circuit Pattern Jury Instruction 2.85C (2024).

Matthew Albert Tate
Factual Resume—Page 1

device.

The term "child pornography" means any visual depiction, including any photograph, film video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct.

The term "minor" means any person under the age of eighteen years.

"Visual depiction" includes undeveloped film and videotape, data stored on computer disk or by electronic means which is capable of conversion into a visual image, and data which is capable of conversion into a visual image that has been transmitted by any means, whether or not stored in a permanent format.

"Sexually explicit conduct" means actual or simulated sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; bestiality; masturbation, sadistic or masochistic abuse; or lascivious exhibition of the genitals or pubic area of any person. Be cautioned that not every exposure of the genitals or pubic area constitutes lascivious exhibition. Whether a visual depiction constitutes a lascivious exhibition requires a consideration of the overall content of the material. You may consider such factors as: (1) whether the focal point of the visual depiction is on the child's genitalia or pubic area; (2) whether the setting of the depiction is sexually suggestive, that is, in a place or pose associated with sexual activity; (3) whether the child is depicted in an unnatural pose or in inappropriate attire, considering the age of the child; (4) whether the child is fully or partially nude; (5) whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity; and (6) whether the depiction is designed to elicit a sexual response in the viewer. This list is not exhaustive, and no single factor is dispositive.

## STIPULATED FACTS

1. Matthew Albert Tate ("defendant") admits and agrees that from on or about a date unknown to the grand jury, to on or about May 15, 2025, in the Amarillo Division of the Northern District of Texas, and elsewhere, he, the defendant, knowingly transported child pornography, as defined in Title 18, United States Code, Section

2256(8)(A), to an external storage device, in and affecting interstate and foreign commerce by any means, including by computer, in violation of Title 18, United States Code, Sections 2252A(a)(1) and (b).

2. In April 2025, a Texas Department of Public Safety (DPS) special agent (SA) and task force officer (TFO) with Homeland Security Investigations (HSI) initiated an online investigation related to the trading of child sexual abuse material linked to an IP address in the Amarillo area. The suspected user of the IP address was identified as Matthew Albert Tate, a registered sex offender living in Amarillo, Texas.

3. Tate has prior criminal convictions for aggravated sexual assault of a child, indecency with a child, and possession of child pornography, which all require him to register as a sex offender. Tate further agrees that he has a prior conviction under "the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, or sex trafficking of children" and is, therefore, subject to the enhanced penalty in 18 U.S.C. § 2252A(b)(1).

4. As part of this investigation, law enforcement received information that in January 2025, a person using Tate's IP address was connected to a file sharing platform that allowed another user to download a video file of a prepubescent female engaged in sexual intercourse. Specifically, the video was approximately two minutes in length and showed a close-up view of a prepubescent female's vulva being penetrated by an adult male's penis. This video was child pornography as defined by 18 U.S.C. § 2256(8).

5. Law enforcement obtained subscriber information for the IP address and located the residence the IP address was associated with. Tate was the sole occupant of that residence. Tate's phone number was listed as one of the associated phone numbers for the IP address subscriber information.

6. On May 15, 2025, HSI Amarillo and DPS executed a search warrant at Tate's residence in Amarillo. Tate was interviewed during the execution of the search warrant and provided basic background information. Tate acted shocked and confused that law enforcement was at his residence searching for evidence of trafficking in child pornography. Tate identified electronics in his residence, including a laptop and cell phone. Tate denied familiarity with certain file-sharing platforms. Tate provided officers with the passcode to his cell phone.

7. Multiple electronic devices were seized from Tate's residence and forensically searched by a certified forensic analyst. A gray one terabyte SanDisk solid state drive (SSD) bearing serial number 25023S401255 contained a total of 1,326 child pornography files on it. There were five video files on the SSD that matched known files of child pornography based on their hash values. There were another 21 videos that were determined to be child pornography by the forensic analyst. There were approximately 1,300 photographs of child pornography on the SSD. Among the child pornography files located on the SSD were files involving prepubescent minors, infants and toddlers, and files depicting sadomasochistic violence.

8. The following are descriptions and metadata of some of the files located on Tate's SSD:

- File Name: 18.mp4

Created Date/Time: 3/27/2025 5:42:29.920 AM

Last Accessed Date/Time: 3/27/2025 6:29:35.343 AM

Last modified Date/Time: 3/27/2025 5:43:00.000 AM

Media duration (Seconds): 20.36

MD5 Hash: 273118e1a0ba13b63023173afac185e4

Description of video/photo: The video showed a pre-pubescent male child wearing dark blue shorts that have a green and white stripe and a light blue and white stripe at the waistband and a shirt with blue, white, and green stripes. The shorts were pulled down enough to expose the boy's erect penis, and there was a pre-pubescent female child with dark hair performing oral sex on the boy while watching the camera.

- File Name: lea-preview.mp4

Created Date/Time: 3/27/2025 5:52:34.100 AM

Last Accessed Date/Time: 3/27/2025 6:29:35.355 AM

Last modified Date/Time: 3/27/2025 5:53:40.000 AM

Media duration (Seconds): 235.25 (3 Minutes 55 Seconds)

MD5 Hash: ab6dc9816ae9b9f3163304c6f3ac4d52

Description of video/photo: The video started out with a pre-pubescent female wearing black panties, a black tube top pulled down below the nipple line, a sheer black hose, and long black lace gloves sitting on the edge of a bed. An adult white male wearing dark blue briefs stood in front of the girl. The girl pulled off the

briefs, then took the man's penis and performed oral sex for approximately 40 seconds while the man stood there. The scene changed to the man lying on his back on the bed, and the girl was performing oral sex for approximately 30 seconds while the man was taking photos. The scene changed to the girl on her hands and knees, facing away from the man and watching a pornographic movie on the television while the man rubbed the girl's vagina and penetrated it with his finger. The scene changed back to the girl performing oral sex on the man. This continued until the end of the video. The video file includes audio.

- File Name: LOLI VIDEO LS MODEL LOLILUST LS MODELS LOLI LUST LS MAGAZINE LOLICON MODELS MEGA.NZ MAGIC KINGDOM NN MODEL.mp4

Created Date/Time: 3/27/2025 6:38:15.480 AM

Last Accessed Date/Time: 5/8/2025 1:18:32.645 PM

Last modified Date/Time: 3/27/2025 6:46:14.668 AM

MFT modified Date/Time: 4/14/2025 11:55:37.044 AM

Media duration (Seconds): 493 (8 Minutes 13 Seconds)

MD5 Hash: 816bb24b37600789aeb140233adc1edd

Description of video/photo: The video is a collage of video files utilized as an advertisement to purchase 2148 files 409 GB of child pornographic videos for a cost of $35 payable via Bitcoin and Altcoin, which showed a Bit message address of "BM-2cXriXgivZ2nP1aeV4V4g21EN3vXrZLMAR". The information from the files, cost, and Bit message address is overlaid on the videos and displayed as

the videos played. The video in the top left corner of the collage is of a white adult male wearing green shorts forcing a pre-pubescent female wearing a red and white stripe shirt to masturbate him by taking her hand and then forcing her to perform oral sex on him. Multiple scene changes contain adult males forcing pre-pubescent girls to perform masturbation and oral sex. The second frame to the right showed an adult male forcing intercourse on a pre-pubescent female child. There was a total of nine frames in the collage. All the frames had prepubescent children in them performing different sexual acts, including sex with adults, sex with other children, masturbation of the adults, children, and themselves, as well as performing oral sex on the adults as well as other children. There is also a clip that is of a dog having intercourse with one of the female children. Audio music is playing in the background of the video.

9. The video files described above are child pornography as defined by federal law. The files saved on the SSD were determined to be downloaded via the Windows 11 operating system and saved to the SSD. Agents were able to see metadata on the files indicating they were transferred from a Dell Laptop to the SSD using Internet connections and various file-sharing platforms.

10. Later in the day on May 15, 2025, agents returned to Tate's residence with an arrest warrant and discovered him experiencing a medical episode in his bedroom. Agents performed life saving measures. A handwritten note was located next to Tate, which appeared to be a suicide note wherein he discussed being molested as a child and that he was attempting to take his own life.

11.  After Tate was medically stable, he was booked into jail on the outstanding warrant. On May 30, 2025, agents interviewed Tate at the detention center. He was read his *Miranda* warnings, which he waived. Tate said he would be honest and that what he did was criminal. Tate admitted to trading child pornography online, claiming it was the result of many issues he was dealing with including financial and health issues. Tate admitted to downloading and saving child pornography to his SSD and laptop.

12.  Tate admits that he knowingly transported files of child pornography from the Internet and his laptop to an external storage device, namely a gray one terabyte SanDisk solid state drive (SSD) bearing serial number 25023S401255. Tate admits and agrees that these files were child pornography as defined by federal law. Tate admits that the child pornography had been transported in or affecting interstate or foreign commerce by any means, including by computer. That is, Tate used the Internet and electronic devices to transport the child pornography from the Internet and from one device to another device. Tate admits and agrees that the items described in the forfeiture notice of the Indictment should be forfeited to the United States. Tate admits and agrees that when he transported the items of child pornography, he knew the items were child pornography.

13.  The defendant agrees that the defendant committed all the essential elements of the offense. This factual resume is not intended to be a complete accounting of all the facts and events related to the offense charged in this case. The limited purpose of this statement of facts is to demonstrate that a factual basis exists to support the defendant's guilty plea to Count Two of the Indictment.

AGREED TO AND STIPULATED on this 30th day of December, 2025.

NANCY E. LARSON
ACTING UNITED STATES ATTORNEY

_____
MATTHEW ALBERT TATE
Defendant

_____
CALLIE WOOLAM
Assistant United States Attorney
Texas State Bar No. 24075306
1205 Texas Avenue, Suite 700
Lubbock, Texas 79401
Telephone:   806-472-7564
Facsimile:    806-472-7394
E-mail:         callie.woolam@usdoj.gov

_____
C.J. MCELROY
Attorney for Defendant

Matthew Albert Tate
Factual Resume—Page 9