# UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF TEXAS

Amarillo Division

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| v. | Case Number: 2:25-CR-094-Z-BR-(1) |
| | U.S. Marshal's No.: 06710-512 |
| MATTHEW ALBERT TATE | Calandra Woolam, Assistant U.S. Attorney |
| | Cristy J McElroy, Attorney for the Defendant |

On January 12, 2026 the defendant, MATTHEW ALBERT TATE, entered a plea of guilty as to Count Two of the Indictment filed on August 28, 2025.  Accordingly, the defendant is adjudged guilty of such Count, which involves the following offense:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §§ 2252A(a)(1) and (b) | TRANSPORTATION OF CHILD PORNOGRAPHY | 05/15/2025 | Two |

The defendant is sentenced as provided in pages 2 through 8 of this judgment. The sentence is imposed pursuant to Title 18, United States Code § 3553(a), taking the guidelines issued by the United States Sentencing Commission pursuant to Title 28, United States Code § 994(a)(1), as advisory only.

The defendant shall pay immediately a special assessment of $100.00 as to Count Two of the Indictment filed on August 28, 2025.

Upon Motion of the government, all remaining Counts are dismissed, as to this defendant only.

The defendant shall notify the United States Attorney for this district within thirty days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Sentence imposed May 27, 2026.

_____

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE

Signed May 28, 2026.

Judgment in a Criminal Case                                                   Page **2** of **8**
 Defendant:  MATTHEW ALBERT TATE
 Case Number:  2:25-CR-094-Z-BR-(1)

## IMPRISONMENT

The defendant, MATTHEW ALBERT TATE, is hereby committed to the custody of the Federal Bureau of Prisons (BOP) to be imprisoned for a term of **Four Hundred Eighty (480) months as to Count Two** of the Indictment filed on August 28, 2025. The sentence shall *run concurrently* to any sentence that may be imposed in Case # CR97001736-E, pending in the 148th Judicial District Court, Nueces County, Texas for parole revocation unrelated to this federal offense.

The Court makes the following recommendations to the Bureau of Prisons:

1. that the Defendant be allowed to participate in a full medical health evaluation and treatment with attention to PSR paragraph 80, vision and dental concerns; be allowed to participate in a full mental health evaluation and treatment with attention to suicidal ideations, PTSD and sex offender treatment, if possible, if eligible, if consistent with security classification; and;

2. that the Defendant be allowed to participate in any and all education and vocational training, if possible, engineering, or any other high-level coursework for which he qualifies, if eligible, if consistent with security classification.

3. that the Defendant be assigned to FCI Seagoville, or in the alternative a facility with sex-offender treatment programs, if possible, if eligible, if consistent with security classification.

The Defendant is remanded to the custody of the United States Marshal.

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of **Five (5) years** as to **Count Two** of the Indictment filed on August 28, 2025.

While on supervised release, in compliance with the Standard Conditions of supervision adopted by the United States Sentencing Commission at Section 5D1.3(b)(2), the defendant shall:

1. The defendant shall report to the probation office in the federal judicial district where he or she is authorized to reside within 72 hours of release from imprisonment, unless the probation officer instructs the defendant to report to a different probation office or within a different time frame.

2. After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when to report to the probation officer, and the defendant shall report to the probation officer as instructed.

3. The defendant shall not knowingly leave the federal judicial district where he or she is authorized to reside without first getting permission from the court or the probation officer.

4. The defendant shall answer truthfully the questions asked by the probation officer.

Judgment in a Criminal Case                                                                                          Page **3** of **8**
Defendant:  MATTHEW ALBERT TATE
Case Number:  2:25-CR-094-Z-BR-(1)

5.  The defendant shall live at a place approved by the probation officer. If the defendant plans to change where he or she lives or anything about his or her living arrangements (such as the people the defendant lives with), the defendant shall notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change.

6.  The defendant shall allow the probation officer to visit the defendant at any time at his or her home or elsewhere, and the defendant shall permit the probation officer to take any items prohibited by the conditions of the defendant's supervision that he or she observes in plain view.

7.  The defendant shall work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses the defendant from doing so. If the defendant does not have full-time employment he or she shall try to find full-time employment, unless the probation officer excuses the defendant from doing so. If the defendant plans to change where the defendant works or anything about his or her work (such as the position or the job responsibilities), the defendant shall notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change.

8.  The defendant shall not communicate or interact with someone the defendant knows is engaged in criminal activity. If the defendant knows someone has been convicted of a felony, the defendant shall not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9.  If the defendant is arrested or questioned by a law enforcement officer, the defendant shall notify the probation officer within 72 hours.

10. The defendant shall not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person, such as nunchakus or tasers).

11. The defendant shall not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12. If the probation officer determines that the defendant poses a risk to another person (including an organization), the probation officer may require the defendant to notify the person about the risk and the defendant shall comply with that instruction. The probation officer may contact the person and confirm that the defendant has notified the person about the risk.

13. The defendant shall follow the instructions of the probation officer related to the conditions of supervision.

    Also, as set forth in the Notice of Intent to Impose Conditions of Supervised Release signed and dated May 27, 2026, the Defendant shall comply with the below-listed other conditions of supervised release, which are largely derived from Sections 5D1.3(a) and (b)(3), in relevant part:

1.  The defendant shall not commit another federal, state or local offense (*see* 18 U.S.C. § 3583(d)).

2.  The defendant shall not unlawfully possess a controlled substance (*see* 18 U.S.C. § 3583(d)).

Judgment in a Criminal Case                                                                 Page **4** of **8**
 Defendant:  MATTHEW ALBERT TATE
 Case Number:  2:25-CR-094-Z-BR-(1)

3.  The defendant who is convicted for a domestic violence crime as defined in 18 U.S.C. § 3561(b) for the first time shall attend a public, private, or private non-profit offender rehabilitation program that has been approved by the court, in consultation with a State Coalition Against Domestic Violence or other appropriate experts, if an approved program is available within a 50-mile radius of the legal residence of the defendant (*see* 18 U.S.C. § 3583(d)).

4.  The defendant shall refrain from any unlawful use of a controlled substance and submit to one drug test within 15 days of release on supervised release and at least two periodic drug tests thereafter (as determined by the court) for use of a controlled substance, but the condition stated in this paragraph may be ameliorated or suspended by the court for any individual defendant if the defendant's presentence report or other reliable information indicates a low risk of future substance abuse by the defendant (*see* 18 U.S.C. § 3583(d)).

5.  If a fine is imposed and has not been paid upon release to supervised release, the defendant shall adhere to an installment schedule to pay that fine (*see* 18 U.S.C. § 3624(e)).

6.  The defendant shall (A) make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A, or any other statute authorizing a sentence of restitution; and (B) pay the assessment imposed in accordance with 18 U.S.C. § 3013. If there is a court-established payment schedule for making restitution or paying the assessment (*see* 18 U.S.C. § 3572(d)), the defendant shall adhere to the schedule.

7.  If the defendant is required to register under the Sex Offender Registration and Notification Act, the defendant shall comply with the requirements of that Act (*see* 18 U.S.C. § 3583(d)).

8.  The defendant shall submit to the collection of a DNA sample from the defendant at the direction of the United States Probation Office if the collection of such a sample is authorized pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000 (34 U.S.C. § 40702).

9.  The defendant shall have no contact with persons under the age of 18 except when directly supervised by an adult who is approved in advance by the probation officer, nor shall the defendant loiter near places where children may frequently congregate. The defendant shall neither seek nor maintain employment or volunteer work at any location and/or activity where persons under the age of 18 congregate and the defendant shall not date or intentionally develop a personal relationship with anyone who has children under the age of 18, without prior permission of the probation officer.

10. The defendant must allow the probation officer to install computer monitoring software on any computer (as defined in 18 U.S.C. § 1030(e)(1)) the defendant uses.

11. To ensure compliance with the computer monitoring condition, the defendant must allow the probation officer to conduct initial and periodic unannounced searches of any computers (as defined in 18 U.S.C. § 1030(e)(1)) subject to computer monitoring. These searches shall be conducted for the purposes of determining whether the computer contains any prohibited data prior to installation of the monitoring software; to determine whether the monitoring software is functioning effectively after its installation; and to determine whether there have been attempts to circumvent the monitoring software after its installation. The defendant must warn any other people who use these computers that the computers may be subject to searches pursuant to this condition.

12. The defendant shall not use any software program or device designed to hide, alter, or delete records and/or logs of the defendant's computer use, Internet activities, or files stored on the defendant's computer or cellular phone.

Judgment in a Criminal Case                                                                Page **5** of **8**
 Defendant:  MATTHEW ALBERT TATE
 Case Number:  2:25-CR-094-Z-BR-(1)

13. The defendant shall not possess, have access to, or utilize a computer or Internet connection device, including, but not limited to Xbox, PlayStation, Nintendo, or similar device, without permission of the probation officer. This condition requires preapproval for categories of computer or Internet access or use; it does not require separate pre-use approval every time the defendant accesses or uses a computer or the Internet.

14. Without prior approval of the probation officer, the defendant shall not maintain or create a user account on any social networking site (i.e., Facebook, Twitter, Snapchat, Instagram, Grindr, Tinder, etc.) that allows access to persons under the age of 18 or allows for the exchange of sexually explicit material, chat conversations, or instant messaging. The defendant shall neither view nor access any web profile of users under the age of 18.

15. The defendant shall not engage in or utilize any service that allows peer-to-peer file sharing or file transfer protocol activity.

16. The defendant shall neither possess nor have under his control any sexually oriented, or sexually stimulating materials of adults or children. The defendant shall not patronize any place where such material is available.

17. The defendant shall participate in outpatient mental health treatment services as directed by the probation officer until successfully discharged. These services may include medications prescribed by a licensed physician. The defendant shall contribute to the costs of services rendered (copayment) at a rate of at least $40 per month.

18. The defendant shall participate in sex offender treatment services as directed by the probation officer until successfully discharged. These services may include psycho-physiological testing (i.e., clinical polygraph, plethysmograph, and the ABEL screen) to monitor the defendant's compliance, treatment progress, and risk to the community. The defendant shall contribute to the costs of services rendered (copayment) at a rate of at least $40 per month.

19. The defendant shall pay restitution in the amount of $96,500, payable to the U.S. District Clerk, 205 East Fifth Avenue, Room 133, Amarillo, TX 79101-1559 for disbursement to the identified victims in this case. If upon commencement of the term of supervised release any part of the restitution remains unpaid, the defendant shall make payments in the amount of $200 per month on such unpaid balance beginning 60 days from the date of this judgement with another payment to be made on the same day of each month thereafter until the restitution is paid in full.

20. The defendant must provide the probation officer with access to any requested financial information and authorize the release of any financial information. The probation office may share financial information with the U.S. Attorney's Office.

## FINE/RESTITUTION

The Court does not order a fine or costs of incarceration because the defendant does not have the financial resources or future earning capacity to pay a fine or costs of incarceration.

The Court does *not* order the **Justice for Victims of Trafficking Act assessment** because the Defendant's offense conduct occurred *prior* to Congressional reauthorization of the JVTA.

The Court does *not* order an Amy Vicky and Andy Act ("AVAA") assessment because Defendant does not have the resources or future earning capacity to pay an AVAA assessment *in addition* to the mandatory restitution.

Judgment in a Criminal Case                                                    Page **6** of **8**
Defendant:  MATTHEW ALBERT TATE
Case Number:  2:25-CR-094-Z-BR-(1)

The Court ***does*** order Defendant to pay **restitution** in the total amount of **$96,500**.

Restitution is payable to the U.S. District Clerk, 205 E. 5th Amarillo, Texas 79101 for disbursement as follows:

***"Pia" of the "Sweet White Sugar" Series***
Deborah A. Bianco, in trust for Pia
P.O. Box 6503 Bellevue, Washington 98008
$7,500

***"Angela" of the "Angela" Series***
Restore the Child in Trust for Angela
2522 North Proctor Street, Suite 85
Tacoma, Washington 98406
$10,000

***"April" of the "Aprilblonde" Series***
Restore the Child in Trust for April
2522 North Proctor Street, Suite 85
Tacoma, Washington 98406
$10,000

***"Ali" of the "ZooFamily1" Series***
Moore & Van Allen PLLC (Ali)"
Attn: Sarah Byrne/049549.1
100 N. Tryon Street, Suite 4700
Charlotte, NC 28202
$3,000

***Erika and/or Tori of the "PinkHeartSisters1" Series***
Marsha Law Firm PLLC
ATTN: Erika and Tori
P.O. Box 4668 #65135
New York, New York 10163
$10,000

***"Ivy of the "JBN Flowers2" Series***
Restore the Child in Trust for Ivy
2522 North Proctor Street, Suite 85
Tacoma, Washington 98406
$10,000

***Jenny of the "Jenny" Series***
Marsh Law Firm PLLC
ATTN: Jenny
P.O. Box 4668 #65135
New York, New York 10163
$10,000

Judgment in a Criminal Case
Defendant:  MATTHEW ALBERT TATE
Case Number:  2:25-CR-094-Z-BR-(1)

*Julie of the "JBN Flowers1" Series*
Restore the Child in Trust for Julie
2522 North Proctor Street, Suite 85
Tacoma, Washington 98406
$10,000

*Audrey of the "Braid and Tile" Series*
*Baker & Hostetler, LLP, ITF "Audrey"*
*1170 Peachtree St. NE, Suite 2400*
*Atlanta, GA 30309*
*ATTN: Accounting Supervisor*
*$3,000*

*Nicoletta of the "Masha River" Series*
*Deborah A. Bianco, in trust for Nicoletta*
*P. O. Box 6503*
*Bellevue, WA 98008*
*$3,000*

*Lily of the "Vicky" Series*
*Carol L. Hepburn I/T/F/ Lily*
*P.O. Box 17718*
*Seattle, Washington 98127*
*$10,000*

"*Sloane of the "Tara" Series*
*Carol L. Hepburn I/T/F/ Sloane*
*P.O. Box 17718*
*Seattle, Washington 98127*
*$10,000*

The Court does not order restitution with respect to the *remaining four* identified victims. Because those victims elected not to submit restitution requests, the Court is unable to ascertain any reasonable estimate of the harm Defendant caused them.

Restitution shall be **payable immediately**, but if upon commencement of the term of **supervised release**, any part of the **$96,500** ordered by this judgment remains unpaid, the Defendant **shall** make monthly payments on such unpaid balance. Defendant's payments shall be in the amount of $200 per month until restitution is paid in full.

Payment shall **begin** no later than **60 days** after the Defendant's **release** from confinement and **another payment** to be made on the same day of each month thereafter until the Restitution is paid in full.

This payment schedule does not affect the **enforceability** of the **Restitution Order** and the continuing obligation of **any other defendant** to pay restitution in full as soon as possible. Nothing in this Order shall be **construed** to limit the ability of the **U.S. Attorney's Office** to fulfill its statutory obligation to enforce restitution under the **Federal Debt Collection Act**, **28 U.S.C. § 3001 et seq**., or under any other statutory provision, during supervision or after release.

Judgment in a Criminal Case                                                                          Page **8** of **8**
Defendant:  MATTHEW ALBERT TATE
Case Number:  2:25-CR-094-Z-BR-(1)

However, no **restitution** shall be payable during incarceration from funds deposited into the **Defendant's Inmate Trust Account** or paid to the **Defendant** for work performance during incarceration.

## FORFEITURE

Pursuant to 18 U.S.C. § 2253(a), FRCP 32.2, and 28 U.S.C. § 2461(c), and subject to 21 U.S.C. § 853(n), it is ordered that Defendant's interest in the following property is **condemned** and **forfeited** to the United States: **A Gray 1 TB SanDisk Solid State Drive (SSD), serial number 25023S401255, and a Dell Inspiron laptop**.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
United States Marshal

BY _____
Deputy Marshal